

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00185-CV

_____

IN THE INTEREST OF C.C. AND I.C., CHILDREN

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 85,000-D; Honorable Don Emerson, Presiding

May 13, 2015

ABATEMENT AND REMAND

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, E.V., filed a *pro se* notice of appeal on April 24, 2015, challenging the trial court's order terminating her parental rights to her two children. The termination order was signed on March 31, 2015, and, as an accelerated appeal, the notice of appeal was due on or before April 20, 2015.[1] Appellant was directed to provide a reasonable explanation for the untimely filed notice. *See Jones v. City of Houston*, 976

---

[1] In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. *See* TEX. R. APP. P. 26.1(b)

S.W.2d 676, 677 (Tex. 1998). *See also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); TEX. R. APP. P. 26.3.

Appellant, still acting *pro se*, timely filed a response explaining that her court-appointed trial counsel advised her that she had thirty days to appeal, and she later learned the deadline was twenty days from the date the trial court signed the termination order. Appellant's explanation was accepted by this Court and jurisdiction over the appeal exists. The clerk's record has been filed but the reporter's record is now past due and no extension has been requested.

Termination of parental rights is an issue of constitutional dimension. *See Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982). *See also Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). Paragraph 13.1 of the trial court's *Order of Termination* provides as follows:

> **IT IS THEREFORE ORDERED** that **GEORGE HARWOOD** earlier appointed to represent **[E.V.]** shall continue in that capacity until all appeals of a final order terminating parental rights are exhausted or waived unless otherwise Ordered by the Court.

A parent whose parental rights have been terminated must have a right of appeal that is meaningful. *In re S.K.A.*, 236 S.W.3d 875, 890 (Tex. App.—Texarkana 2007, pet. denied). This Court has held that trial counsel's duty to represent the interests of an indigent parent in a termination proceeding does not end with trial but, instead, continues until the judgment becomes final or until counsel is expressly discharged by the trial court. *In the Interest of J.O.A.*, 262 S.W.3d 7, 18 (Tex. App.—Amarillo 2008), *modified*, 283 S.W.3d 336 (Tex. 2009).

2

Copies of correspondence from this Court with Appellant in resolving the untimely filed notice of appeal were provided to Mr. Harwood. Those copies notwithstanding, he has not taken any action to designate himself as lead counsel in this appeal or enter an appearance to represent Appellant in an appeal of constitutional import. TEX. R. APP. P. 6.1(c), 6.2. The reporter's record is now past due and no extension has been requested, possibly indicating that a record has not been designated or requested. Because Appellant is unrepresented by court-appointed counsel at this critical stage of her appeal, and given the accelerated nature of termination proceedings, we now abate this appeal and remand the cause to the trial court for further proceedings.

Upon remand, the trial court shall utilize whatever means necessary to immediately determine the following:

1. whether Appellant still desires to prosecute this appeal;

2. whether Appellant remains indigent and is entitled to appointed counsel to pursue this appeal;

3. whether Mr. Harwood has abandoned the appeal and Appellant is entitled to new appointed counsel; and

4. why the reporter's record has not been filed.

Should it be determined that Appellant does want to continue the appeal and the trial court determines she is entitled to new appointed counsel, the name, address, telephone number, email address and state bar number of newly appointed counsel shall be provided to the Clerk of this Court. The trial court shall execute findings of fact and conclusions of law, and shall cause its findings, conclusions, and any necessary

3

orders to be included in a supplemental clerk's record to be filed with the Clerk of this Court by May 26, 2015. Should Mr. Harwood be permitted to remain as Appellant's appointed counsel he is hereby ordered to immediately enter an appearance in this Court and take whatever action is necessary to ensure the filing of the reporter's record.

It is so ordered.

Per Curiam